UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TERRY LYMON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No.: 1:18-CV-134 |
| ALLEN COUNTY GOVERNMENT, ALLEN COUNTY BOARD OF COMMISSIONERS, ALLEN COUNTY SUPERIOR COURT (Official and Administrative Capacities), ALLEN COUNTY CLERK OF COURTS, and ALLEN COUNTY SHERIFF, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court for ruling on a Motion to Dismiss filed by Defendant Allen Superior Court on June 25, 2018 (ECF 12). Plaintiff Terry Lymon filed a response in opposition to the motion on July 16, 2018 (ECF 16) and Allen Superior Court filed a reply on July 23 (ECF 24). Also pending is the Plaintiff's Motion to Remand Claims Against State Defendants to State Court (or Dismissal Without Prejudice) filed on July 16 (ECF 18). None of the Defendants filed responses to the motion to remand and the time for doing so has passed. Accordingly, both motions are ripe for resolution. For the reasons explained below, the Allen Superior Court's Motion to Dismiss is **GRANTED with prejudice** as to Lymon's claim under 42 U.S.C. § 1981 and **without prejudice** as to his claim under Title VII; and Lymon's Motion to Remand or Dismiss is **DENIED AS MOOT**. The Court's ruling today involves only Lymon's claim(s) against the Allen Superior Court. His claims against the remaining Defendants are unaffected and remain pending.

**BACKGROUND**

Terry Lymon filed this lawsuit on May 18, 2018. Complaint (ECF 1). All of the Defendants named in the Complaint are government entities or political subdivisions that Lymon alleges discriminated against him on the basis of his race (African-American) by refusing–multiple times, he claims–to hire him for positions he applied for and for which he insists he was qualified. *Id*., pp. 2-3. Lymon filed a charge of discrimination with the EEOC on December 7, 2016, and was issued a Notice of Right to Sue letter on February 13, 2018. *Id*., Exhs. A and B (ECF1-1, 1-2).[1] He filed this suit pursuant to Title VII, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981. *Id*., p. 1. The Allen Superior Court argues in its motion that Lymon's Complaint fails to state any viable claim against it and should be dismissed in its entirety, pursuant to Fed.R.Civ.P. 12(b)(6), "because (1) [his] claim for race discrimination under Title VII is untimely, and (2) [42 U.S.C.] Section 1981 applies only to private actors," which the Allen Superior Court clearly is not. Memorandum in Support of Motion to Dismiss (ECF 13), p. 1.

**STANDARD OF REVIEW**

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "'A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted.'" *Savoy v. BMW of N. Am., LLC*, 313 F.Supp.3d 907, 913 (N.D. Ill.

---

[1] Over the course of several years, Lymon filed many charges of discrimination against the entities named as Defendants in this suit. He filed a charge with the Indiana Civil Rights Commission and the EEOC on March 6, 2012; sixteen charges with the ICRC on December 5, 2013; and two charges with the ICRC on February 12, 2014. Complaint, Exh. B (ECF 1-2). None of these previous charges are at issue in this case but Lymon included them as exhibits to his Complaint, presumably for purposes of supporting his allegation that the Defendants "retaliated against [him] for filing previous charges of discrimination[.]" *Id*., p. 1.

2018) (quoting *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015)). To survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 644-46 (7th Cir. 2018). In the present case, the Allen Superior Court correctly contends that Lymon's Complaint fails to state a viable claim against it as a matter of law, even when his allegations are taken as true, and therefore must be dismissed.

## DISCUSSION

**I. Timeliness of Complaint.**

The Superior Court contends that Lymon's claims against it must be dismissed because his Complaint was untimely. The Superior Court's argument apparently is based on a misunderstanding of the law. Lymon's response doesn't clear up that misunderstanding, but his argument on this issue prevails anyway–at least for present purposes.

The Superior Court states that "Plaintiff's Complaint was filed 94 days after he received his Dismissal and Notice of Rights from the EEOC on February 13, 2018." Memorandum in

3

Support, p. 1.[2] The Defendant argues as follows:

> Mr. Lymon received his [NORTS] from the EEOC on February 13, 2018. . . . Accordingly, he was required to bring suit within 90 days, on or before May 14, 2018. Mr. Lymon filed the Complaint on May 18, 2018, 94 days after receiving notice of his right to sue from the EEOC. . . . Because he did not file suit within 90 days of receiving the [NORTS] from the EEOC, his claim for race discrimination under Title VII must be dismissed.

*Id*., p. 3. The Superior Court is correct that a plaintiff must file suit within 90 days of his receipt of his notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). But what the Superior Court's argument ignores is that while Lymon's NORTS letter was *issued* on February 13, 2018, the statute of limitations did not begin to run until Lymon or his counsel *received* that notice. As this Court and many others have explained, "[t]he date of receipt controls." *Gillo v. Gary Cmty. Sch. Corp*., 2016 WL 4592200, at *10 (N.D. Ind. Sept. 2, 2016). In *Pritts v. Ball Metal Corp*., this Court (Judge Sharp) denied summary judgment on defendant's affirmative defense because "the date on which [the Plaintiff] actually received the Notice of Right to Sue is a 'material fact,' and there is an obvious disagreement concerning this date[.]"). Judge Sharp explained as follows:

> The Seventh Circuit has determined that actual receipt of the notice is required to start running the 90-day clock. *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005) (citing *Archie v. Chicago Truck Drivers*, 585 F.2d 210, 216 (7th Cir. 1978)). The ninety-day filing deadline is a "'condition[ ] precedent,' similar to statutes of limitations . . . ." *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991). Thus, a defendant's argument that a discrimination claim is untimely because it was filed outside the 90-day statute of limitations is an affirmative defense. *Del Korth v. Supervalu, Inc*., 46 F.App'x 846 (7th Cir. 2002) (citing Fed.R.Civ.P. 8(c); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). As such, the Defendant bears the burden of establishing

---

[2] "[A]lthough an argument based on the statute of limitations raises an affirmative defense, a court may consider the argument on a motion to dismiss when it is apparent from the pleadings and other documents which the court may properly consider that the action is time-barred." *Bell v. Loyola Univ. Med. Ctr*., 2018 WL 4030582, at *3 (N.D. Ill. Aug. 23, 2018) (citing *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

that [the Plaintiff] failed to file his lawsuit before the ninety day deadline. *See, Salas v. Wisconsin Department of Corrections*, 493 F.3d 913, 922 (7th Cir. 2007) (noting that the defendant bears the burden of establishing an affirmative defense, and *with inconclusive evidence at best, the tie goes to the plaintiff*).

*Pritts v. Ball Metal Corp.*, 2009 WL 721550, at *2 (N.D. Ind. Mar. 18, 2009) (italics added). In the present case, the Superior Court presents no evidence indicating that Lymon *received* his NORTS on a specific date. It is undisputed that the notice was issued on February 13, 2018, but the Superior Court incorrectly argues that Lymon's Complaint had to be filed within 90 days of that date.

Lymon's response to this argument is as curious as the argument itself. Lymon never states, in his Complaint or his briefs, *when* he received his right to sue notice, but he implies it was four days after it was issued and therefore his Complaint was timely. Lymon states as follows:

> As to the Title VII claim, Plaintiff maintains that he did not receive his Notice of Right to Sue within three (3) days after its issuance; therefore, Plaintiff maintains that he is timely as to his Title VII claim. For example, see attached Notice of Right to Sue in *Jacqueline Wimbley v. Parkview Health*; the NORTS was issued on July 12, 2018 but not received by Myers law firm until July 16, 2018, which is four (4) days. Lymon's lawsuit was filed within ninety-four (94) days of receipt of the NORTS.

*Id.*, pp. 1-2. So rather than specifying when he or his attorney received the notice, Lymon offers only that it was *not* "within three days after its issuance." The attached exhibit Lymon refers to is a NORTS letter issued to an individual named Jacqueline Wimbley, dated July 12, 2018, which Lymon's counsel, who is also representing Wimbley according to the NORTS letter, says he did not receive until July 16, 2018. This exhibit presumably was included to demonstrate that a

5

NORTS letter is sometimes not *received* for several days after it is issued.[3] But that's a given. The point is that Lymon's NORTS letter was issued on February 13, 2018. Complaint, Exh. B (ECF 1-2). Assuming Lymon or his attorneys did not receive that letter until four days later (and the Superior Court presents no evidence otherwise), the 90-day period began to run on February 17, 2018, and Lymon's Complaint would be timely since 90 days from February 17 is May 18, 2018–the date the Complaint was filed. Since "the defendant bears the burden of establishing an affirmative defense, and with inconclusive evidence at best, the tie goes to the plaintiff[,]" the Superior Court's affirmative defense argument does not provide a basis for dismissal of Lymon's Complaint.[4]

---

[3] The notice of right to sue letter issued to Ms. Wimbley was addressed to her and her attorneys, and includes a file stamp indicating it was received by her lawyers four days after it was issued. Lymon's right to sue letter was addressed only to him and does not reflect that a copy was sent to his attorneys, nor does it include a file stamp reflecting when it was received.

[4] Lymon's response is also confusing in that, while he never states precisely when he or his lawyers received the EEOC notice, he does state that his lawsuit was "filed within [94] days of *receipt* of the NORTS." Response in Opposition, p. 2 (italics added). This could be a scrivener's error and Lymon might have intended to state that his suit was filed within 94 days of *issuance* of his NORTS, which is fine (assuming, of course, that he did not receive the notice until February 17). In any event, the matter is an affirmative defense which, for the reasons discussed above, does not provide a basis for dismissing Lymon's Complaint under Rule 12(b)(6). This issue might reappear, in a motion for summary judgment for example, but that is for another day (and another court). *See Potts v. Nippon Sharyo Mfg., LLC*, 2016 WL 4975148, at *3 (N.D. Ill. Sept. 16, 2016) ("If defendants have, or discover, evidence plaintiff received the right-to-sue letter more than 90 days before this case was filed, they are certainly free to present it later in the case to prove their affirmative defense of untimeliness."). This case shows why "'the issue of the timeliness of the complaint cannot usually be addressed through a Rule 12(b)(6) motion.'" *Moses v. U.S. Steel Corp*., 2012 WL 1066769, at *4 (N.D. Ind. Mar. 28, 2012) (quoting *Johnson v. Five Star Transp., LLC*, 2011 WL 5446452, at * 2 (N.D.Ind. Nov. 9, 2011)).

**II. Claim under 42 U.S.C. § 1981.**

Lymon's argument regarding his Section 1981 claim is even more baffling. Lymon concedes that Section 1983, not Section 1981, is the proper statutory vehicle to use to bring race discrimination claims against state actors, and says that his present claims "*would* survive under 42 U.S.C. § 1983," and that he "intends to file a First Amended Complaint to assert a claim under . . . § 1983[.]" Response in Opposition to Motion to Dismiss (ECF 16), p. 1 (italics added). Apparently, then, Lymon is arguing that his Complaint should not be dismissed, even though he concedes that it fails on its face to state a viable claim, because his claims *would be* viable and *will be* viable once he files an amended complaint that properly pleads them. But as the Allen Superior Court states, Lymon "is not entitled to maintain an invalid claim in the meantime." Reply in Support (ECF 24), p. 2. In any event, no such amended complaint was filed.

"It is clearly established that '42 U.S.C. § 1981 does not create a private right of action against state actors.'" *Aku v. Chicago Bd. of Educ.*, 2018 WL 2984819, at *6 (N.D. Ill. June 14, 2018) (quoting *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014)). As another district court in this circuit explained:

> [T]he Seventh Circuit also explicitly reaffirmed that § 1983 provides the exclusive remedy for a state actor's violations of § 1981. [*Campbell*, 752 F.3d at 666]; accord *Ball v. City of Indianapolis*, 760 F.3d 636 (7th Cir. 2014) (holding that § 1983 is the sole avenue of relief against a state actor); *McCormick v. Miami Univ.*, 693 F.3d 654 (6th Cir. 2012) (stating that under *Jett* [*v. Dallas Independent School Dist.*, 491 U.S. 701 (1989)] § 1981 cannot be used to sue a state actor in his or her official or individual capacity); *Pittman v. Or., Emp't Dep't*, 509 F.3d 1065, 1071-72 (9th Cir. 2007) (stating that although the Eleventh Amendment does not bar prospective injunctive relief, the holding in *Jett* bars any cause of action against state actors under § 1981). Moreover, the court in *Campbell* did not distinguish between damages and injunctive relief; its holding appears to foreclose all federal remedies under § 1981. *See Campbell*, 752 F.3d at 671; *see also Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 467 (7th Cir. 2014)

> (noting that "the prohibitions in 42 U.S.C. § 1981 are enforced against state actors by suits under section 1983, because section 1981 does not provide remedies against state actors for violation of its prohibitions"); *De v. City of Chi.*, 912 F.Supp.2d 709, 725 (N.D.Ill. 2012) ("The Seventh Circuit has interpreted *Jett* to stand for the proposition that § 1983 is the exclusive means of enforcing the rights secured by § 1981 against state actors, and that § 1983 is the exclusive means of bringing suit under § 1981.").
>
> While a finding that § 1981 does not extend a private right of action against state actors says nothing about the viability of plaintiff's discrimination claims under § 1983, the holdings in *Campbell* and *Jett* do mean that she cannot maintain a separate § 1981 claim against the defendants here. While § 1981 creates rights, § 1983 provides the remedy for violation of those rights.

*Omachonu v. Shields*, 2015 WL 4509146, at *4 (W.D. Wis. July 24, 2015); *see also*, *Oesterlin v. Cook Cty. Sheriff's Dep't*, 2018 WL 4305778, at *1 (N.D. Ill. Sept. 10, 2018) ("Section 1981 does not create a private right of action against state actors."); *Ali v. Village of Tinley Park*, 79 F.Supp.3d 772, 774 (N.D. Ill. 2015) ("Section 1981 does not create a private right of action against state actors–instead Section 1983 provides the exclusive remedy for such claims. Indeed, [the plaintiff] has expressly abandoned reliance on that section. Accordingly this Court dismisses the Section 1981 claims with prejudice.").

Given that Lymon has conceded that his § 1981 claim is not viable (and also conceded that amendment would be futile, as discussed below), it must be dismissed with prejudice.

**III. Plaintiff's motion to remand or dismiss.**

As noted at the outset, on the same date he filed his brief opposing the Allen Superior Court's motion to dismiss, Lymon also filed his own motion "to remand the claims against the State Defendant to state court (Allen Superior Court), for the reason that the claims against the State Defendants under 42 U.S.C. §§ 1981 and 1983 cannot proceed in federal court because of the doctrine of sovereign immunity pursuant to the Eleventh Amendment." Motion to Remand

(ECF 18), p. 1. In other words, if he amended his Complaint to assert a § 1983 claim against the Allen Superior Court, he would run headlong into the Eleventh Amendment and be knocked out of federal court, so Lymon asks this Court to remand his claim(s) to state court. Alternatively, Lymon moves the Court to dismiss his claims outright "so Plaintiff can refile in state court per 28 U.S.C. § 1367." *Id*. Lymon "prays that the State Defendant's Motion to Dismiss be overruled and denied, and that Plaintiff's claims against the State Defendants be remanded to the Allen Superior Court (or these claims be dismissed so Plaintiff can refile in state court per 28 U.S.C. § 1367)." *Id*.

Lymon's argument concerning the issue of his receipt of his NORTS letter was opaque, but this one is downright sloppy. Lymon is asking the Court to remand this case to a state court in which it was never filed. The case was not removed to this Court so there is nothing to "remand." *See Motorists Mut. Ins. Co. v. Teel's Rest., Inc.*, 2008 WL 11393101, at *1 (N.D. Ind. Sept. 12, 2008) ("[T]his case was filed as an original proceeding in this court and did not come before the court as a removed case. Accordingly, there is no court to which it could be remanded. For that reason, the motion to remand is denied."); *Cochran v. Smith & Nephew, Inc.*, 2016 WL 4923505, at *2 (C.D. Ill. Sept. 15, 2016) ("[Section] 1447 provides for remand of actions that originated in state court and subsequently removed to federal court. Simply put, Plaintiff's attempt to remand an action that was never removed puts the cart before the horse."); *Madison v. City of Evansville*, 2015 WL 9455670, at *15 (S.D. Ind. Dec. 23, 2015) ("This action was not removed from state court so remand is not an option."). Lymon's argument is especially perplexing since his counsel failed once before when they tried to press this same argument, which Judge DeGuilio rejected. In *Hegwood-Metcalf v. Truex*, the plaintiff, opposing the defendant's motion to dismiss, argued

9

that his supplemental state claims should be remanded to state court. Judge DeGuilio held as follows:

> Metcalf's claims were never removed but were originally filed in this Court. Metcalf offers no authority to justify remand under these circumstances. As such, the proper inquiry is not whether remand is appropriate, but whether Metcalf's remaining state law claim should be dismissed without prejudice, permitting Metcalf an opportunity to re-file the claim in state court.

*Hegwood-Metcalf v. Truex*, 2011 WL 1636262, at *11, n. 1 (N.D. Ind. Apr. 28, 2011).

Furthermore, Lymon cites § 1367 as the basis for his request for remand. As the Court explained in *Hegwood-Metcalf*, § 1367 provides that a district court has the discretion to decline exercising supplemental jurisdiction over a plaintiff's state law claims when all federal claims are dismissed:

> Having dismissed the claims over which there was original jurisdiction, the Court has the discretion to decline exercising supplemental jurisdiction over Metcalf's state law negligence claim, pursuant to 28 U.S.C. § 1367(c)(3). *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Bean v. Wis. Bell, Inc.*, 366 F.3d 451, 456 (7th Cir. 2004); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998). A district court exercises significant discretion in determining whether to retain such pendent claims, based upon "the principles of considerations of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Cohill*, 484 U.S. at 357; *Gibbs*, 383 U.S. at 726-27.
>
> Given these principles, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). *See also United Mine Workers of America v. Gibbs*[,] stating,
>
>> [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be

dismissed without prejudice and left for resolution to state tribunals.

383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

*Hegwood-Metcalf*, 2011 WL 1636262, at *10. Given that Lymon's federal claim(s) against the Allen Superior Court must be dismissed, the Court would normally have to decide whether to retain supplemental jurisdiction over his state law claim(s). But as noted above, unlike the plaintiff in *Hegwood-Metcalf*, Lymon *did not plead* any state law claims–his Complaint alleges only federal causes of action and makes no mention of any state law claims. In fact, Lymon expressly states that his Complaint is based on "Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and 42 U.S.C. § 1981." Complaint, p. 1. Since there are no state law claims in this case, § 1367 is not invoked. *Conley v. Evans*, 1996 WL 156864, at *1 (E.D. La. Apr. 2, 1996) ("In opposition to dismissal, plaintiff refers to 28 U.S.C. 1367(d), which provides that if the Court has supplemental jurisdiction of state law claims in an action and the action is voluntarily dismissed, then the prescriptive period is tolled for those state law claims during the pendency of the action and for thirty days after the dismissal. That statute is facially inapplicable. There are no state law claims over which this Court has supplemental jurisdiction and the dismissal was not voluntary."). For these same reasons, Lymon's motion to remand or dismiss is legally groundless.

In summary, Lymon argues in his motion to remand that the Superior Court's motion to dismiss should be denied but his own (alternative) motion to dismiss should be granted, which effectively renders the Superior Court's motion to dismiss unopposed. While that sounds convoluted, the outcome is clear. The Allen Superior Court's motion to dismiss for failure to state a claim must be granted and Lymon's motion to remand or alternatively to dismiss, which

11

the Court would deny anyway since it is legally baseless, is rendered moot.

One final matter. When a district court grants a motion to dismiss an original complaint, the plaintiff no longer has a right to amend his complaint as a matter of course. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (citing Fed.R.Civ.P. 15(a)(1) (right to amend expires 21 days after service of defendant's motion to dismiss under Rule 12(b)). The Seventh Circuit also explained in *Runnion* that "[o]rdinarily, . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly. . . . Rule 15(a)(2) governs when court approval is needed to amend a pleading: 'The court should freely give leave [to amend] when justice so requires.'" *Id.* (citations omitted). In this case, however, any attempt to amend the Complaint would be futile due to the Eleventh Amendment bar, as Lymon readily concedes. Therefore, Lymon is not entitled to an opportunity to amend his Complaint to state a viable claim against the Allen Superior Court. "'[A] district court may refuse leave to amend where amendment would be futile.'" *Anyaorah v. Indiana Univ.-Purdue Univ. at Indianapolis*, 2012 WL 2258848, at *1 (S.D. Ind. June 15, 2012) (quoting *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012)). The Court's ruling today involves only Lymon's claim(s) against the Allen Superior Court. His claims against the remaining Defendants are unaffected and remain pending. If Lymon still intends to file an Amended Complaint as to the remaining Defendants he will have to move for leave to do so since more than 21 days have elapsed since the filing of the motion to dismiss.[5]

---

[5] The remaining Defendants appear to be the Allen County Board of Commissioners, the Allen County Clerk of Courts, and the Allen County Sheriff. In their joint Answer to Lymon's Complaint, Allen County Government, Allen County Board of Commissioners and Allen County

**CONCLUSION**

For the reasons set forth above, the Motion to Dismiss filed by Defendant Allen Superior Court (ECF 12) is **GRANTED with prejudice** as to Lymon's claim under 42 U.S.C. § 1981 and **without prejudice** as to his claim under Title VII. The Motion to Remand Claims (or Dismissal Without Prejudice) filed by Plaintiff Terry Lymon (ECF 18) is **DENIED AS MOOT**. The Court's ruling today involves only Lymon's claim(s) against the Allen Superior Court. His claims against the remaining Defendants are unaffected and remain pending.

Date: September 18, 2018.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana

---

Clerk of Courts stated as follows: "Defendants admit that the Defendants in this case, as named by Plaintiff, include Allen County Government, Allen County Board of Commissioners, Allen County Superior Court, Allen County Clerk of Courts, and Allen County Sheriff, though Defendants deny that the named Defendant Allen County Government is a *sui juris* entity with the capability to sue and be sued." Answer of Defendants (ECF 21), p. 2. In his Complaint, Lymon states that "[o]ver the years Plaintiff has applied for multiple positions available within the Allen County Government, but the Defendant has failed to hire him without explanation as to why." Complaint, p. 2. It is possible, and appears, that Lymon is using the term "Allen County Government" as an all-inclusive reference to the Defendants rather than a reference to a specific entity. Lymon does not explain why Allen County Government was named as a defendant and the record reflects that he did not file a Summons directed at any such entity (ECF 4). Lymon is encouraged to clarify this in his proposed Amended Complaint, if he decides to seek leave to file one.